UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY TORRES : | |
| : | PRISONER |
| v. : | Case No. 3:03CV796 (SRU)(WIG) |
| : | |
| JONATHAN VISCOMI, ET AL.[1] : | |

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, Anthony Torres, has filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He alleges that the defendants denied him timely access to legal supplies. Pending is the defendants' motion for summary judgment. For the reasons that follow, the motion for summary judgment is granted.

I.  Facts[2]

Between April 2002 and March 2003, the plaintiff was incarcerated at the Northern Correctional Institution ("Northern"). On April 15, 2002, defendant Viscomi, a Correctional

---

[1]   The other defendants in this action are: Lieutenant John Dumas, Major Thomas Coates and Warden Theresa Lantz.

[2]   The facts are taken from defendants' Local Rule 56(a)1 Statement [doc. #74] and the Affidavit of Jonathan Viscomi attached to the defendants' Memorandum of Law In Support of Their Motion for Summary Judgment [doc. # 73-2]. The defendants filed their motion for summary judgment on November 15, 2005. On December 28, 2005, the court provided the plaintiff with notice of his obligation to respond to the motion and of the contents of a proper response. On July 27, 2006, the court denied plaintiff's motion for emergency injunction and directed the plaintiff to file his response to the motion for summary judgment on or before August 25, 2006. The plaintiff has failed to respond to the motion for summary judgment. Because the plaintiff has not submitted a Local Rule 56(a)2 Statement, defendants' facts are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

Counselor, was assigned to the housing unit where the plaintiff resided. Defendant Viscomi was responsible for providing legal materials and photocopies to inmates in that housing unit, including the plaintiff.

Between April 2002 and March 2003, the plaintiff claims that he submitted complaints and grievances to defendants Dumas and Coates regarding the delays by defendant Viscomi in providing him with legal materials and supplies. Defendants Dumas and Coates either ignored the complaints or provided a temporary solution to the problem.

On March 29, 2003, the plaintiff submitted a request to defendant Viscomi for a copy of the Table of Contents of the State of Connecticut Department of Correction Administrative Directives. A correctional officer delivered the copy of the Table of Contents to the plaintiff on April 1, 2003. Chapter 7, entitled Safety and Emergency Procedures, was not included in the copy of the Table of Contents. The plaintiff alleges that he was unable to submit the complete Table of Contents as an exhibit in one of his pending lawsuits. That same day, the plaintiff submitted three Inmate Requests to defendant Viscomi. In the first request, the plaintiff asked defendant Viscomi to send him a complete copy of the Table of Contents, in the second request, the plaintiff asked for copies of two versions of State of Connecticut Department of Correction Administrative Directive 9.6, and in the third request, the plaintiff sought a copy of his inmate account statement. On April 2, 2003, the plaintiff submitted an Inmate Request to defendant Viscomi for legal envelopes.

On April 3, 2003, the plaintiff submitted an Inmate Request to defendant Dumas informing him that defendant Viscomi was withholding copies of Administrative Directives, his inmate account statement, legal envelopes in an effort to obstruct his access to courts. On April

6, 2003, the plaintiff submitted a request to defendant Viscomi for three writing pads, legal photocopies and two social envelopes. The plaintiff was able to find another prison employee to make photocopies for him. The plaintiff signed the complaint filed in this action on April 29, 2003.

Defendant Viscomi processed all of plaintiff's requests for legal services and supplies in accordance with the Administrative Directive 10.7, and in the same manner as he processed the requests of all other inmates.

II.     Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party "may not rest upon the mere allegations or denials of the adverse

party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Anderson, 477 U.S. at 256.  A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).  See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).  A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements.  See Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978).  Nor may he rest on the "mere allegations or denials" contained in his pleadings.  Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).  See also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Despite this liberal interpretation, however, a "bald assertion" unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

III.    Discussion

The defendants raise four grounds in support of their motion for summary judgment: (1) the claims of denial of access to courts fail to state a claim upon which relief may be granted; (2) the retaliation claim fails to state a claim upon which relief may be granted; (3) the plaintiff has failed to allege the personal involvement of defendants Lantz, Dumas and Coates in the alleged denial of access to courts and retaliation claims, and (4) they are entitled to qualified immunity.

A.    Failure to State a Claim of Denial of Access to Courts

The defendants argue that the plaintiff has not demonstrated that he suffered an injury in connection with defendant Viscomi's alleged failure to process his requests for legal materials and copies in a timely manner. "It is well established that inmates have a constitutionally protected right of access to the courts." Smith v. Armstrong, 968 F. Supp. 40, 46 (D. Conn. 1996) (citing Bounds v. Smith, 430 U.S. 817, 822-25 (1977)). In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court clarified what is encompassed in an inmate's right of access to the courts and what constitutes standing to bring a claim for the violation of that right. First, the Court held that, to show a violation of his right of access to the courts, an inmate must allege an actual injury. Id. at 349. Thus, an inmate cannot simply allege that the prison law library or legal assistance program is inadequate. He must show that the alleged deficiencies in the law library or legal assistance program interfered with his attempts to initiate a legal action. Id. at 354. The fact that an inmate may not be able to litigate effectively once his claim is brought before the court, is insufficient to demonstrate actual injury. Id. at 355. Rather, the inmate must show that he was unable to file the initial complaint or petition, or that the complaint he filed was so

5

technically deficient that it was dismissed without a consideration of the merits of the claim. Id. at 351. In addition, the Court observed that "the injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354.

Inmates must be afforded access to court to file a direct appeal, a petition for writ of habeas corpus or a civil rights action challenging the denial of a basic constitutional right. The inability to file or prosecute actions other than direct or collateral attacks on their sentences or a challenge to their conditions of confinement "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.

The plaintiff alleges that, on several occasions in early April 2003, defendant Viscomi failed to process his requests for various legal supplies and a photocopy of his inmate account statement in a timely manner and failed to ever provide him with a complete copy of the Table of Contents of the State of Connecticut Department of Correction Administrative Directives and copies of Administrative Directive 9.6. He claims that he needed the Table of Contents of the Administrative Directives to submit as an exhibit in one of his lawsuits. The plaintiff also claims that defendants Coates and Dumas failed to intervene to discipline defendant Viscomi for his alleged improper handling of these requests.

Defendant Viscomi has submitted an affidavit indicating that he processed plaintiff's requests for legal materials and photocopies of documents in compliance with the Administrative Directives governing legal materials. The plaintiff has filed no affidavit in response to the motion for summary judgment and his amended complaint is not verified. Thus, the plaintiff has not provided any evidence that he missed deadlines in any of his lawsuits, that any of his lawsuits were dismissed, or that he was unable to file a lawsuit as a result of the alleged untimely delivery

of legal materials and photocopies or the denial of his requests for copies of the Administrative Directives.  The court concludes that the plaintiff has failed to meet his burden of demonstrating that he suffered an injury as a result of alleged failure defendant Viscomi to provide him with legal materials and photocopies of documents in a timely manner or the alleged failure of defendants Dumas, Coates and Lantz to supervise and train defendant Viscomi regarding timely disbursement of legal materials and documents.  Accordingly, the motion for summary judgment is granted with respect to the claim of denial of access to the courts.

       B.      <u>Failure to State a Claim of Retaliation</u>

The plaintiff alleges that defendant Viscomi failed to respond to his requests for legal materials in a timely manner in retaliation for his submission of an inmate request complaining about an incomplete copy of the Table of Contents of the State of Connecticut Department of Directives.  The defendants contend that the plaintiff has failed to provide evidence that the alleged delayed responses to his requests for legal materials by defendant Viscomi were due to a retaliatory motive.

To state a claim for retaliation, the plaintiff must allege facts demonstrating "first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." <u>Bennett v. Goord</u>, 343 F.3d 133, 137 (2d Cir. 2003).  "[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." <u>Id.</u> (internal quotation marks omitted).

In the statement of claims in the amended complaint, the plaintiff alleges that on April 1,

7

2003, he submitted an inmate request concerning defendant Viscomi's failure to provide him with a complete copy of a Table of Contents from the Department of Correction Administrative Directives.  The plaintiff alleges that on April 2, 2003, defendant Viscomi responded to his inmate request by threatening to delay future responses to his requests for legal materials.  The plaintiff claims that after the threat of April 2, 2003, defendant Viscomi failed to promptly respond to his requests for legal materials and supplies and that defendant Viscomi altered some records to conceal his retaliatory conduct.  The plaintiff also alleges that defendants Dumas, Coates and Lantz failed to take any action in response to his complaints about defendant Viscomi's retaliatory conduct.

     Defendant Viscomi has submitted an affidavit stating that he processed the plaintiff's requests for legal materials in compliance with the State of Connecticut Department of Directives governing legal materials.  The plaintiff has not submitted an affidavit in opposition to the motion for summary judgment and his amended complaint may not be construed as an affidavit because it is not sworn or verified.  Although submitting inmate requests is constitutionally protected conduct, the plaintiff has presented no evidence in opposition to the motion for summary judgment suggesting that the constitutionally protected conduct was the reason for defendant Viscomi's alleged delayed responses to his requests for legal materials after April 2, 2003.  Furthermore, the plaintiff has failed to present evidence in support of his allegation that defendant Viscomi altered Department of Correction records to conceal the alleged untimely responses.  Thus, the plaintiff fails to meet his burden of presenting evidence to demonstrate the existence of a genuine issue of material fact regarding his retaliation claim.  Defendants' motion

for summary judgment is granted with respect to any claims for retaliatory conduct.[3]

IV.     Conclusion

The Defendants' Motion for Summary Judgment [**Doc. #73**] is **GRANTED**. The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED this 25th day of September 2006, at Bridgeport, Connecticut.

                               /s/ Stefan R. Underhill
                               Stefan R. Underhill
                               United States District Judge

---

[3] I need not reach the third and fourth arguments in the defendants' motion because I have granted summary judgment on all claims in the amended complaint based on the first and second arguments of the motion.